O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

FREDERICK WAYNE SMITH,    )    Case No. LA CV 16-2621 AB (JCG)
)
         Petitioner,    )    **ORDER ACCEPTING REPORT AND**
)    **RECOMMENDATION OF UNITED**
    v.    )    **STATES MAGISTRATE JUDGE AND**
)    **DENYING CERTIFICATE OF**
DAVE DAVEY, Warden,    )    **APPEALABILITY**
)
         Respondent.    )
)
_____)

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), the Magistrate Judge's Report and Recommendation ("R&R"), Petitioner's Objections to the R&R, and the remaining record, and has made a *de novo* determination.

In his Objections, Petitioner contends that he is entitled to equitable tolling on the grounds that, "[a]t the time in question[,] petitioner was mentally impaired . . . ." (*See* Objections at 5-6.)

The Court finds that Petitioner's untimely Petition is not saved by equitable tolling, for three reasons.

//

First, Petitioner's claim is belied by the record.  While Petitioner vaguely asserts that his state court petitions were delayed by various incapacitating "mental[] impair[ments]," the record reflects that Petitioner submitted an "appeal" to the California Board of Prison Terms ("Board") in April 2014, more than three months before his AEDPA limitation period expired.  [*See* Dkt. No. 1 at 12-14.]  Notably, Petitioner fails to explain how he was able to prepare and submit this grievance, but was too "impaired" to present his habeas claims to the courts.  As such, "Petitioner's own conduct . . . contradicts his current claim that his mental incompetence rendered him incapable of timely filing the instant federal habeas petition." *See Nivette v. Marshall*, 2010 WL 4323030, at *6 (E.D. Cal. Oct. 26, 2010) (collecting cases).

Second, assuming *arguendo* that Petitioner is entitled to equitable tolling through August 5, 2014 (*i.e.*, the date Petitioner filed his first state habeas petition), an additional *thirteen months* passed between the California Supreme Court's rejection of Petitioner's final state petition on February 23, 2015, and Petitioner's filing of the instant Petition on April 11, 2016.  [*See* Dkt. No. 1 at 28, 34]; (*see also* Objections at 3-4).  As such, the Petition is untimely, in any event.  *See* 28 U.S.C. § 2244(d)(1).

Third, and relatedly, because Petitioner utterly fails to account for the latter, thirteen-month delay in filing, the Petition must be dismissed on the grounds that Petitioner has failed "to show diligence through the time of filing." *See Luna v. Kernan*, 784 F.3d 640, 651 (9th Cir. 2015).

Finally, in his Objections, Petitioner includes a vague, conclusory assertion of "factual innocence."  (Objections at 6.)  As a rule, a federal habeas petition's untimeliness may be excused where the petitioner presents a credible claim of actual innocence. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 1931 (2013).  To prevail on such a claim, the petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324 (1995).  Here, preliminarily, petitioner's assertion of

"factual innocence" is inapposite, insofar as Petitioner seeks to compel the Board to perform a commutation review, and does not purport to challenge the constitutionality of his conviction.  [*See generally* Dkt. No. 1.]  In any event, Petitioner fails to submit *any* evidence – let alone "new reliable evidence" – in support of his bare assertion.  *See Schlup*, 513 U.S. at 324.  As such, his claim of "factual innocence" is unavailing.  *See id.*; *Fernandez v. Long*, 2013 WL 5486779, at *12 (C.D. Cal. Sept. 27, 2013) ("Petitioner has not presented any actual evidence, let alone any new reliable evidence, that demonstrates that he is actually innocent.").

Accordingly, IT IS ORDERED THAT:

1.      The Report and Recommendation is approved and accepted;

2.      Judgment be entered denying the Petition and dismissing this action with prejudice;[1] and

3.      The Clerk serve copies of this Order on the parties.

Additionally, for the reasons set forth in the Report and Recommendation and above, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether": (1) "the petition states a valid claim of the denial of a constitutional right"; *and* (2) "the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Thus, the Court declines to issue a certificate of appealability.

DATED: September 6, 2016       _____

                                HON. ANDRÉ BIROTTE JR.
                                UNITED STATES DISTRICT JUDGE

---

[1]      As such, Petitioner's "Motion for Appointment of Counsel," [Dkt. No. 7], is **DENIED AS MOOT**.